IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES W. MCNEESE,

    **Plaintiff,**

v.                                      CASE NO. 25-3073-JWL

(FNU) ANDERSON, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas ("SCJ"). Plaintiff alleges that Defendant Anderson injected something into Plaintiff's side when he was doing rounds at the SCJ. (Doc. 1, at 2.) Plaintiff adds that although at "the time of the incident [Plaintiff] believe[s] that the courts had order[ed] for the foreign object to be placed," he "never waived [his] preliminary hearing." *Id*. at 3. Plaintiff's allegations are the same as those he has brought in multiple cases in this Court.

The repetitive cases have been dismissed as frivolous and malicious, subjecting Plaintiff to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

---

[1] Prior to filing the instant Complaint, the Court finds three prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See McNeese v. Anderson*, Case No. 24-3153-JWL (D. Kan.) (dismissed for failure to state a claim, appeal dismissed for lack of prosecution); *McNeese v. Anderson*, Case No. 24-3227-JWL (D. Kan.) (dismissed as frivolous or malicious); *McNeese v. Anderson*, Case No. 25-3060-JWL (D. Kan.) (dismissed as frivolous or malicious).

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. In his first case filed based on these allegations, Plaintiff alleged that the injection occurred on January 15, 2024, over a year ago. *See McNeese v. Anderson*, Case No. 24-3153-JWL, Doc. 1, at 4 (D. Kan.). Allegations of past harm are insufficient. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.[3]

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

[3] The Court notes that even if Plaintiff submits the filing fee, this case would be subject to dismissal as repetitive and therefore frivolous or malicious.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **May 23, 2025,** to submit the $405.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated April 24, 2025, in Kansas City, Kansas.**

    **S/ John W. Lungstrum**
    **JOHN W. LUNGSTRUM**
    **UNITED STATES DISTRICT JUDGE**