IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES W. MCNEESE,

    **Plaintiff,**

    v.                                                                         CASE NO. 25-3073-JWL

(FNU) ANDERSON, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas ("SCJ"). Plaintiff alleges that Defendant Anderson injected something into Plaintiff's side when he was doing rounds at the SCJ. (Doc. 1, at 2.) Plaintiff adds that although at "the time of the incident [Plaintiff] believe[s] that the courts had order[ed] for the foreign object to be placed," he "never waived [his] preliminary hearing." *Id*. at 3. Plaintiff's allegations are the same as those he has brought in multiple cases in this Court.

On April 24, 2025, the Court entered a Memorandum and Order (Doc. 3) ("M&O") denying Plaintiff leave to proceed in forma pauperis, finding that Plaintiff's repetitive cases have been dismissed as frivolous and malicious, subjecting Plaintiff to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no showing of imminent danger of serious physical injury.[1] The Court granted Plaintiff until May 23, 2025, to submit the $405.00 filing fee. The M&O provides that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 3, at

---

[1] The Court noted in the M&O that the incident that is the subject of Plaintiff's Complaint happened over a year ago. *See* Doc. 3, at 2.

1

3.)  Plaintiff has failed to pay the filing fee by the deadline set forth in the M&O.  Instead, Plaintiff has filed four responses (Docs. 4, 5, 6, and 7).

Plaintiff argues in his response that he would like to refile his case and he attaches an order from one of his pending cases dealing with service on defendants in that case.  (Doc. 4).  In another response he argues that he would like the Court to "close this case out because the jail is harassing [him]." (Doc. 5, at 1.)  He also argues that he did not realize he had three strikes and he "would like to have the opportunity to do his case over." *Id*. at 2, 4.  In another response he argues that he would like the Court to "stop this motion" because he did not know it was his "third chance," and he states that he would like to file at a later time.  (Doc. 6, at 1.)  In his last response, he argues that he would like to assign this case to another judge and would like the marshals to provide summonses to defendants.  (Doc. 7, at 1.)  Plaintiff then sets forth where the defendants may be served. *Id*. at 2.  Plaintiff also mentions that he was placed in the hole because they said he made a knife out of a toothbrush and therefore he is prevented from calling his father so that his father can pay the filing fee. *Id*.  Plaintiff again mentions that he would like to refile his case when he is released from the hole. *Id*. at 4.

Plaintiff has failed to pay the filing fee by the deadline set forth in the M&O.  Nothing in Plaintiff's Complaint or responses shows that he was in imminent danger when he filed this case.  Furthermore, the Court noted in the M&O that even if Plaintiff submits the filing fee, this case would be subject to dismissal as repetitive and therefore frivolous or malicious.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as

permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated May 27, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**